**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **LAURA EDWARDS WARD,** | ) | **CASE NO.  304-09977** |
| | ) | |
| **Debtor.** | ) | **CHAPTER 7** |
| | ) | |
| | ) | **JUDGE MARIAN F. HARRISON** |
| | ) | |
| **LAVANDERS WARD,** | ) | **ADV. NO. 304-0768A** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LAURA EDWARDS WARD,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

_____

**MEMORANDUM OPINION**
_____

This matter is before the Court on the dischargeability complaint filed by the plaintiff against the debtor seeking to hold certain marital debts nondischargeable pursuant to 11 U.S.C. § 523(a)(5) and/or (a)(15).  The plaintiff also requests that certain amounts should be held nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

A trial was held in this matter, and after considering all the proof, the Court took the matter under advisement. For the following reasons, which represent the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, the Court finds that the relief requested in the complaint should be granted in part and denied in part.

# I. **BACKGROUND**

The debtor and the plaintiff were divorced by decree entered on June 22, 2004. The Chancery Court for Davidson County, Tennessee, entered the Divorce Decree, ordering the following, in part:

> 4. That the Wife return the Husband's personal property which includes: a coat (black duster), shoes (brown alligator, gray dress, buckskin Timberland), shirts (black, blue, gray, brown, tan, black and red plaid), hats (black Kangaroo cap, blue Titan cap, Australian Cowboy hat), socks (new), pants (brown, black, gray, tan), CPAP (breathing machine), knives (pocket knife, small razor), money (collection of coins, bills), tools, African masks (2), African stool, oil painting (by Posey), Cannon camera (flash, bag), one box of photos (snap shots), beard trimmers, two pairs of gloves (black, gray), bills folders in good condition or pay $6,440.00 as damages for the value of said property.

> 6. That the Wife pay for the damages caused to Husband's damaged and destroyed clothing in the amount of $4,935.00. Said payment shall be as alimony *in solido* for Husband's support and well-being.

> 12. That the Wife be ordered to pay the Bank One Visa credit card, account number 4366 1630 7940 **** in the amount of $16,188.88 as alimony *in solido*. Wife shall indemnify and hold Husband harmless thereon.

> 13. That the Husband pay the SunTrust MasterCard with the exception of $200.00, which Wife shall pay for a returned check that was charged to said account. Wife shall pay this amount as alimony *in solido*.

14. That the Wife pay the account owing to Suburban Propane in the amount of $48.79. Wife shall indemnify and hold Husband harmless thereon.

15. That the Wife pay the remainder of the debt to the Internal Revenue Service from 2002 in the amount of $331.14 plus any additional interest and penalties. Wife shall indemnify and hold Husband harmless thereon.

16. That the Wife pay the Husband $2,300.00 for her failure to comply with the Temporary Restraining Order, which prohibited, restrained, and enjoined her from filing a separate income tax return for taxable year 2003 and for dissipating the refund she obtained from filing separately.

17. That the Husband be awarded $1,500.00 in attorney's fees.

The testimony reflected the tumultuous marriage and divorce of the parties. The plaintiff testified that prior to the Divorce Decree, he asked his niece, Janice Hughes, to pick up his clothes at the marital home where the debtor was living. When Ms. Hughes, and her then husband, Tim Hughes, brought him the clothes on January 26, 2004, all were soaking wet and some were torn or cut. This testimony was corroborated by Janice and Tim Hughes, who were both very credible witnesses. Ms. Hughes testified that upon her arrival at the debtor's house, she found that the boxes of clothing had been left out in the rain with some of the clothing strewn across the yard. She then called Mr. Hughes to help her pick up the clothes. Mr. Hughes also testified that this was the condition of the clothing when he arrived. The Chancery Court valued the damaged clothing at $4935.

In response, the debtor testified, as did Craig Gregory, who allegedly helped the debtor move the boxes of clothing, that it did not rain the day the clothes were picked up and

3 - U.S. Bankruptcy Court, M.D. Tenn.

that the boxes were neatly stacked under the carport. The debtor denied causing any damage to the clothing. Neither the debtor nor Mr. Gregory were particularly credible witnesses.

In addition, the plaintiff testified that the debtor failed to return other personal property, which the Chancery Court valued at $6440. In response, the debtor testified that she had no knowledge of what happened to the plaintiff's personal property and implied that the plaintiff could have taken his things from the house while she was at work.

As to the $200 charge on the SunTrust MasterCard account, the Chancery Court held that this amount represented a returned check written by the debtor. The debtor testified that she did not know there were insufficient funds in the account when she wrote the check.

On April 26, 2004, the Chancery Court issued a Temporary Restraining Order prohibiting, restraining, and enjoining the debtor from filing a separate income tax return. The Temporary Restraining Order also provided that in the event the debtor had filed separately, she was prohibited, restrained, and enjoined from dissipating the refund pending a final hearing. Thereafter, in the Divorce Decree, the Chancery Court made a finding that the debtor violated this order and awarded damages to the plaintiff in the amount of $2300. The debtor testified that she did not receive a copy of the Temporary Restraining Order, that

4 - U.S. Bankruptcy Court, M.D. Tenn.

she had already filed her tax return prior to the date of the order, and that she spent the

refund paying bills.[1]

## II.  ISSUES

The parties agreed that the issues are as follows:

1.  Whether the award of damages in the amount of $6440 for the value of the plaintiff's personal property is nondischargeable pursuant to 11 U.S.C. § 523(a)(6) because the debtor willfully and maliciously damaged the plaintiff's property.

2.  Whether the award of $4935 for the plaintiff's damaged and destroyed clothing is nondischargeable as alimony *in solido* for the plaintiff's support and well-being pursuant to § 523(a)(5) and/or (a)(15) or pursuant to 11 U.S.C. § 523(a)(6) based on the debtor's conduct.

3.  Whether the order to pay the Bank One Visa credit card account in the amount of $16,188.88 as alimony *in solido* is nondischargeable pursuant to 11 U.S.C. § 523(a)(5) and/or (a)(15).

4.  Whether the order to pay $200 on a SunTrust MasterCard account which was for a returned check is nondischargeable pursuant to 11 U.S.C. § 523(a)(5) and/or (a)(15).

5.  Whether the debt owing to Suburban Propane in the amount of $48.79 is nondischargeable pursuant to 11 U.S.C. § 523(a)(5) and/or (a)(15).

6.  Whether the debt owing to the Internal Revenue Service (hereinafter "IRS") from 2002 in the amount of $331.14 plus interest and penalties is nondischargeable pursuant to 11 U.S.C. § 523(a)(5) and/or (a)(15).

7.  Whether the order to pay the plaintiff $2300 for failing to comply with a restraining order, which prohibited, restrained, and enjoined the debtor from

---

[1]The proof relating to 11 U.S.C. § 523(a)(15) will be set forth later in this Memorandum Opinion.

5 - U.S. Bankruptcy Court, M.D. Tenn.

filing a separate income tax return for 2003 and dissipating said refund is nondischargeable pursuant to 11 U.S.C. § 523(a)(5) and/or (a)(15) or pursuant to 11 U.S.C. § 523(a)(6) based on the debtor's misconduct.

8. Whether the awarded attorney fees in the amount of $1500 are nondischargeable pursuant to 11 U.S.C. § 523(a)(5) and/or (a)(15).

9. Whether all of the above debts are nondischargeable pursuant to 11 U.S.C. § 523(a)(15)(A) and (B).


# III.  DISCUSSION

Generally, exceptions to discharge are to be construed strictly against the creditor. *Rembert v. AT&T Universal Card Serv., Inc. (In re Rembert),* 141 F.3d 277, 281 (6th Cir. 1998).  The burden of proof falls upon the party objecting to discharge to prove by a preponderance of the evidence that a particular debt is nondischargeable. *Grogan v. Garner*, 498 U.S. 279, 291 (1991).


## A.  11 U.S.C. § 523(a)(6)

First, the plaintiff asserts that the awards in the Divorce Decree for damages to personal property, damages to clothing, and damages for failure to comply with a Temporary Restraining Order are nondischargeable pursuant to 11 U.S.C. § 523(a)(6).  The Court finds that these items are nondischargeable pursuant to this section.

11 U.S.C. § 523(a)(6) provides that an individual debtor is not discharged from a debt "for willful and malicious injury by the debtor to another entity or to the property of another

6 - U.S. Bankruptcy Court, M.D. Tenn.

entity." The United States Supreme Court has interpreted "willful and malicious injury" under 11 U.S.C. § 523(a)(6) as requiring a "deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." ***Kawaauhau v. Geiger***, 523 U.S. 57, 61 (1998). In other words, for the debtor's actions to be willful and malicious under 11 U.S.C. § 523(a)(6), the debtor must have desired to cause the consequences of her act or have believed that the consequences were substantially certain to result from it. ***Markowitz v. Campbell (In re Markowitz)***, 190 F.3d 455, 464 (6th Cir. 1999). The plaintiff has the burden to show by a preponderance of the evidence that the debtor acted with the belief that her actions would cause injury. ***CMEA Title Agency, Inc. v. Little (In re Little),*** 335 B.R. 376, 382 (Bankr. N.D. Ohio 2005).

After hearing testimony, the Chancery Court awarded the above mentioned damages to the plaintiff in the Divorce Decree. The Chancery Court specifically found that "the Wife damaged or destroyed" a specific list of the plaintiff's clothing. The Chancery Court also found that the debtor failed to return personal property to the plaintiff and ordered the debtor to return the items or pay damages.

This Court is satisfied that the debtor caused these damages with the intent to do so. The plaintiff's testimony regarding the debtor's actions during the marriage and divorce proceedings supports this finding. In addition, the condition of the plaintiff's clothes, as testified to by Tim and Janice Hughes, supports this finding, as does the testimony from the

plaintiff and Ms. Hughes regarding attempts to collect the plaintiff's other personal property, including medications. Despite the debtor's denials of any intentional bad acts, she was not a credible witness. The debtor's demeanor in court and the testimony regarding her actions and behavior once it became clear that the plaintiff would seek a divorce support a finding that the debtor committed willful and malicious injury to the plaintiff's clothing and personal property. Accordingly, the Court finds that the debtor deliberately damaged and destroyed the plaintiff's clothes, which were valued by the Chancery Court at $4935, and deliberately failed to return other personal property to the plaintiff, valued by the Chancery Court at $6440.

The same is true regarding the debtor's violation of the Temporary Restraining Order which prohibited, restrained, and enjoined her from filing a separate income tax return for 2003. The Chancery Court made a finding in the Divorce Decree that the debtor violated the Temporary Restraining Order. The plaintiff testified that by filing separately, the debtor was able to receive a refund and he was forced to pay approximately $1500. The debtor testified that she did not receive the Temporary Restraining Order, dated April 26, 2004, and that she had already filed her tax return by that date. However, she did not testify as to when she received her refund or why she further violated the Temporary Restraining Order by dissipating her refund. Again, the debtor's testimony regarding the income tax return reflected her lack of candor and credibility.

For these reasons, the Court finds that the debts for lost property in the amount of $6440, for damaged and destroyed clothing in the amount of $4935, and damages in the amount of $2300 for violating the Temporary Restraining Order are nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

## B. <u>11 U.S.C. § 523(a)(5)</u>

The plaintiff asserts that several of the items in the Divorce Decree are nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

A debt to a former spouse for alimony, maintenance, or support of the spouse or a child pursuant to a divorce decree is nondischargeable. 11 U.S.C. § 523(a)(5). Property settlements, on the other hand, are dischargeable in bankruptcy. *Brody v. Brody (In re Brody)*, 3 F.3d 35, 38 (2d Cir. 1993) (citations omitted). In other words, an indebtedness that results from a division of marital assets is dischargeable. *In re Coil*, 680 F.2d 1170, 1171 (7th Cir. 1982).

Pursuant to 11 U.S.C. § 523(a)(5), three requirements must be met before a marital obligation becomes nondischargeable in bankruptcy: (1) the debt must be in the nature of alimony, maintenance, or support, (2) it must be owed to the debtor's child or former spouse,

and (3) it must be in connection with a separation agreement, divorce, or property settlement agreement. ***Luman v. Luman (In re Luman),*** 238 B.R. 697, 704 (Bankr. N.D. Ohio 1999).

## 1. <u>OBLIGATIONS LABELED AS ALIMONY</u>

A state court's alimony award is entitled to deference when the obligation is clearly so designated and structured. ***See Sorah v. Sorah (In re Sorah),*** 163 F.3d 397, 401 (6th Cir. 1998). The Sixth Circuit identified three traditional indicia of a support obligation:

(1) a label such as alimony, support, or maintenance in the decree or agreement;

(2) a direct payment to the former spouse, as opposed to the assumption of a third-party debt; and

(3) payments that are contingent upon such events as death, remarriage, or eligibility for Social Security benefits.

***Id.*** Other relevant factors to consider include: "(1) the disparity of earning power between the parties; (2) the need for economic support and stability; (3) the presence of minor children; and (4) marital fault." ***See Bailey v. Bailey (In re Bailey),*** 254 B.R. 901, 906 (B.A.P. 6th Cir. 2000) (citations omitted).

At the same time, the Sixth Circuit reminded bankruptcy courts to accord appropriate deference to a state court's decree in determining the dischargeability of a marital obligation under § 523(a)(5). Noting that "the bankruptcy court does not sit as a super-divorce court," the Court further admonished bankruptcy courts "not . . . to assume the role of psychological

examiner, probing the state court's decision for linguistic evidence of ulterior motives."
*In re Sorah,* 163 F.3d 397, 402.

In *In re Bailey*, 254 B.R. 901, a state court divorce decree required the debtor-spouse to assume mortgage and credit card debts and for the parties to sell certain personal property with the proceeds to be used for the care and maintenance of the debtor's wife and children. *Id.* at 903-04. In finding that these items were in the nature of support, the court noted that the state court had repeatedly labeled the award as maintenance, support, and alimony, that the state court had found a disparity in income between the parties, that the debtor's wife was unable to obtain a higher-paying job due to her obligation to care for their children, one of whom was disabled, and that the wife would have to pay the mortgage and credit card debts absent the debtor's assumption of those debts, thereby adversely affecting her ability to support herself and the children. *Id.* at 905.

In the present case, the Chancery Court labeled the following items as alimony *in solido*: (1) destroyed clothing valued at $4935; (2) $16,188.88 balance on the Bank One Visa credit card account; and (3) a $200 fee on the SunTrust MasterCard account for a returned check.

11 - U.S. Bankruptcy Court, M.D. Tenn.

While the Chancery Court labeled payment of the balance on the Bank One Visa credit card account and of the $200 returned check fee on the SunTrust MasterCard account as alimony *in solido*, there is nothing in the record to show that these items were intended or actually had the effect of providing support. Despite the label, these awards represent the assumption of third-party debts and there is no indication that the plaintiff's present ability to pay these debts was a consideration. Instead, it appears that the Chancery Court was most concerned with punishing the debtor for her bad acts, and under federal bankruptcy law, this is not a basis for finding that items are in the nature of support. It is more in the nature of a division of property and is, therefore, dischargeable. ***See Chism v. Chism (In re Chism),*** 169 B.R. 163, 170 (Bankr. W.D. Tenn. 1994).

On the other hand, the award of damages for clothing is more in the nature of support. Clothing is a basic and immediate need. Consequently, the Court finds that the award of damages for destroyed clothing in the amount of $4935 is nondischargeable under 11 U.S.C. § 523(a)(5), as well as under 11 U.S.C. § 523(a)(6).

## 2. PAYMENTS NOT LABELED AS ALIMONY

Where the obligation is not specifically designated, the Sixth Circuit has provided an analytical framework for determining whether an obligation "is actually in the nature of alimony, maintenance, or support." ***Long v. Calhoun (In re Calhoun)***, 715 F.2d 1103 (6th Cir. 1983). The Sixth Circuit set forth a four-prong test for determining whether an obligation not denominated as alimony or maintenance is nondischargeable: (1) the obligation constitutes support only if the state court or parties intended to create a support obligation; (2) the obligation must have the actual effect of providing necessary support; (3) if the first two conditions are satisfied, the court must determine if the obligation is so excessive as to be unreasonable under traditional concepts of support; and (4) if the amount is unreasonable, the obligation is dischargeable to the extent necessary to serve the purposes of federal bankruptcy law. *Id.* at 1109-10. The burden of establishing that an obligation is in the nature of support is on the objecting non-debtor. *Id.* at 1111.

The following items, which the plaintiff asserts are nondischargeable under 11 U.S.C. § 523(a)(5), are *not* listed as alimony: (1) the Suburban Propane bill in the amount of $48.79; (2) the IRS debt for 2002 in the amount of $331.14 plus any additional interest and penalties; (3) damages in the amount of $2300 for failure to comply with the Temporary Restraining Order; and (4) the plaintiff's attorney fees in the amount of $1500.

13 - U.S. Bankruptcy Court, M.D. Tenn.

The plaintiff has the burden to show that the intent was to create a support obligation and that these obligations had the actual effect of providing support. There is simply nothing in the record to support this position. There is no indication that the parties or the Chancery Court intended these items to be anything other than a property settlement. Accordingly, pursuant to 11 U.S.C. § 523(a)(5), these items are dischargeable unless they meet the requirements of another section as does the debtor's violation of the Temporary Restraining Order, found nondischargeable under 11 U.S.C. § 523(a)(6).

## C. **11 U.S.C. § 523(a)(15)**

Finally, the plaintiff contends that all of the claims are nondischargeable pursuant to 11 U.S.C. § 523(a)(15). Here, the Court will address only those items not otherwise found nondischargeable above.

Section 523(a)(15) renders nondischargeable marital debts, other than alimony, maintenance, and support, that arise in connection with a divorce or separation agreement unless one of the two exceptions applies to the debtor:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
>
> > (15)    not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit; unless—

(A)    the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B)    discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

The objecting creditor has the burden of establishing that the debt is of the type excepted from discharge pursuant to 11 U.S.C. § 523(a)(15).  Once this burden is met, the burden shifts to the debtor to make her showing under either subsection (A), the ability to pay section, or (B), the balancing of hardship section.  *Hart v. Molino (In re Molino)*, 225 B.R. 904, 907 (B.A.P. 6th Cir. 1998) (citations omitted).  Both the creditor and the debtor must make their respective showings by a preponderance of the evidence. *Id.*; *In re Smither*, 194 B.R. 102, 106-07 (Bankr. W.D. Ky.  1996).

In the present case, there is no question that these debts arose in connection with the Divorce Decree.  Therefore, the burden shifts to the debtor to show that she is nonetheless entitled to discharge those debts.

15 - U.S. Bankruptcy Court, M.D. Tenn.

In construing subsection (A), *In re Smither* held that a debtor has the ability to pay where the debtor's disposable income will pay for all or a material part of the obligations incurred pursuant to a divorce or separation within a reasonable amount of time. 194 B.R. at 110. In other words, 11 U.S.C. § 523(a)(15)(A) permits a debtor to pay obligations incurred in connection with a divorce or separation only from the debtor's disposable income. The court in *In re Smither* noted that the language of 11 U.S.C. § 523(a)(15)(A) paralleled the language of 11 U.S.C. § 1325(b) and, accordingly, incorporated the "disposable income" test case law of 11 U.S.C. § 1325(b). *Id.* at 108 (citations omitted).

Disposable income is income the debtor does not reasonably need for the purpose or maintenance of the debtor or a dependent of the debtor. *Messenger v. Messenger (In re Messenger),* 331 B.R. 733, 739 (Bankr. N.D. Ohio 2005) (citations omitted). Normally, the income measured is from the date of the trial, however, circumstances can warrant a consideration of the "debtor's future earning potential." *Id.* In addition, it is appropriate to consider whether a debtor has artificially diminished his or her ability to repay the obligation. *In re Molino*, 225 B.R. 904, 908 (citations omitted).

First, the Court looks at the debtor's expenses. According to the debtor, her monthly expenses are $1828. The only proof regarding these expenses was a list of monthly expenses presented as an exhibit at trial. In reviewing these expenses, the Court must look to see if

16 - U.S. Bankruptcy Court, M.D. Tenn.

the enumerated expenses are reasonably necessary to be expended for support and maintenance. ***In re Messenger***, 331 B.R. at 739. Here, certain monthly expenses of the debtor appear to be unreasonable under the present circumstances. Specifically, the debtor lists $300 for monthly transportation "not including auto payments but including gas and maintenance." Even with the current price of gas, this amount is excessive. In addition, the Court must question other monthly expenses as being higher than necessary: $30 on clothing; $35 on recreation and entertainment; $100 on miscellaneous; $43 on grooming and personal toiletry items, and $50 on an internet service provider. Based on these observations, the Court revises the above-mentioned expenses for purposes of 11 U.S.C. § 523(a)(15)(A):

| | |
|---|---|
| Transportation expenses | $200 |
| Clothing and grooming/personal toiletry items | $ 50 |
| Recreation, entertainment, and internet service provider | $ 50 |
| Miscellaneous | $ 50 |

According to the Court's calculations, this would reduce the debtor's total monthly expenses to $1620. The debtor's monthly income is more tricky. The debtor testified that she was laid off from her last job two weeks prior to trial and was only receiving unemployment benefits (the amount was not given). However, the debtor's employment history indicates that she has made as much as $21,000 in the last few years, and the Court finds that in this case, it is appropriate to consider her future earning potential. Accordingly, the Court designates the debtor's potential monthly income at $1750 based on a yearly salary

17 - U.S. Bankruptcy Court, M.D. Tenn.

of $21,000. Thus, the debtor has $130 in disposable monthly income. The next inquiry is whether the debtor has a sufficient amount of disposable income available to pay these debts within a reasonable time. *Crossett v. Windom (In re Windom)*, 207 B.R. 1017, 1022 (Bankr. W.D. Tenn. 1997).[2]

The remaining marital debts not otherwise found nondischargeable total $18,268.81, and it is not likely that the debtor could pay off the entire amount within a reasonable time at $130 a month. According to the Court's calculations, it would take the debtor more than 11 years, and normally, a five-year payment period is considered reasonable. *In re Messenger*, 331 B.R. 733, 740. *But cf. Koenig v. Koenig (In re Koenig)*, 265 B.R. 772, 776 (Bankr. N.D. Ohio 2001) (approving repayment period of approximately 8½ years). However, the only remaining debt that makes repayment unreasonable is the Bank One Visa credit card account, which is $16,188.88. The remaining debts total $2079.93, and the debtor could easily repay these amounts within a reasonable time.

This, however, does not end the Court's analysis. The next question is whether the debtor is qualified for a discharge of her marital debt under 11 U.S.C. § 523(a)(15)(B).

---

[2]Normally, this Court would make some allowance for unexpected expenses. *Perkins v. Perkins (In re Perkins),* 221 B.R. 186, 190 (Bankr. N.D. Ohio 1998). However, the debtor has already made this allowance with "Miscellaneous" expenses.

Under subsection (B), the debtor must prove by a preponderance of the evidence that discharging the debt would result in a benefit to the debtor that outweighs the detriment to plaintiff. In *In re Smither*, the court explained that the appropriate inquiry under 11 U.S.C. § 523(a)(15)(B) was to compare the standards of living between the debtor and the former spouse. 194 B.R. 102, 111 (citing ***Belcher v. Owens (In re Owens)***, 191 B.R. 669, 674-75 (Bankr. E.D. Ky. 1996)). "If . . . the debtor's standard of living will be greater than or approximately equal to the [former spouse's] if the debt is not discharged, then the debt should be nondischargeable under the 523(a)(15)(B) test." *Id.* Should the debtor's standard of living fall considerably below that of the former spouse, the court concluded the debt should be discharged under 11 U.S.C. § 523(a)(15)(B). *Id.*

To assist in making this determination, the court in *In re Smither* listed 11 nonexclusive factors to consider:

1.) The amount of debt involved, including all payment terms;

2.) The current income of the debtor, objecting creditor and their respective spouses;

3.) The current expenses of the debtor, objecting creditor and their respective spouses;

4.) The current assets, including exempt assets of the debtor, objecting creditor and their respective spouses;

5.) The current liabilities, excluding those discharged by the debtor's bankruptcy, of the debtor, objecting creditor and their respective spouses;

6.)  The health, job skills, training, age and education of the debtor, objecting creditor and their respective spouses;

7.)  The dependents of the debtor, objecting creditor and their respective spouses, their ages and any special needs which they may have;

8.)  Any changes in the financial conditions of the debtor and the objecting creditor which may have occurred since the entry of the divorce decree;

9.)  The amount of debt which has been or will be discharged in the debtor's bankruptcy;

10.)  Whether the objecting creditor is eligible for relief under the Bankruptcy Code; and

11.)  Whether the parties have acted in good faith in the filing of the bankruptcy and the litigation of the 11 U.S.C. § 523(a)(15) issues.

194 B.R. at 111; *see also In re Molino*, 225 B.R. 904, 909.

The total debt for the Bank One Visa credit card account ($16,188.88), the SunTrust MasterCard account ($200), the Suburban Propane account ($48.79), money owed to the IRS ($331.14), and attorney fees ($1500) is $18,268.81.  Consideration of the debtor's financial and life circumstances will be considered first, followed by a review of the plaintiff's circumstances.

As previously stated, while the debtor was unemployed at the time of trial, her potential future monthly income is $1750.  The debtor is in her early 50s with no dependents. She has a college degree.  There was no proof that the debtor has any medical reasons

preventing her from working. The debtor does not appear to have any substantial assets, but there was no proof that the debtor has any remaining debts which have not been discharged.[3]

As to the plaintiff, the only proof presented was that the plaintiff's monthly income is approximately $3583, which includes his pension. The plaintiff is in his late 50s. He lives in an apartment and appears to be paying his bills, including those which the debtor has failed to pay, as required by the divorce degree.

Based on the proof, which was wanting, it appears that the plaintiff is in a better position to pay the majority of debt. To require the debtor to pay the entire amount would cause her standard of living to fall materially below the plaintiff's standard of living. However, there is no "all or nothing" requirement that either the debts be paid as originally set out or not at all. *In re Smither*, 194 B.R. 102, 109. Instead, the Court has the discretion to either partially discharge or equitably modify the debt. *Id.* Exercising this discretion, the Court finds that the debtor should receive a discharge of the Bank One Visa credit card account balance in the amount of $16,188.88. As to the other debts (SunTrust MasterCard account balance in the amount of $200, Suburban Propane balance in the amount of $48.79, IRS balance of $331.14 plus interest and penalties, and the plaintiff's attorney fees in the

_____

[3]The debtor's statements and schedules in the bankruptcy case were not made a part of the record in this adversary proceeding. Nor did either party request that the Court take judicial notice of these pleadings. Moreover, the debtor presented very little proof relevant to these factors, and as stated earlier, the debtor had the burden of proof under 11 U.S.C. § 523(a)(15)(B). *See In re Molino*, 225 B.R. 904, 907.

amount of $1500), the Court finds that the debtor has not met her burden and as such, these

debts are nondischargeable.

## V. <u>CONCLUSION</u>

For all of the foregoing reasons the Court finds that the following debts are

nondischargeable:

Damages in the amount of $6440 for the value of personal property pursuant
to 11 U.S.C. § 523(a)(6).

Damages in the amount of $4935 for damaged and destroyed clothing pursuant
to 11 U.S.C. § 523(a)(5) and (a)(6).

Damages in the amount of $2300 for the debtor's failure to comply with the
Temporary Restraining Order pursuant to 11 U.S.C. § 523(a)(6).

SunTrust MasterCard account balance of $200 pursuant to 11 U.S.C.
§ 523(a)(15).

Suburban Propane account balance of $48.79 pursuant to 11 U.S.C.
§ 523(a)(15).

IRS balance for 2002 in the amount of $331.14 plus interest and penalties
pursuant to 11 U.S.C. § 523(a)(15).

Attorney fees in the amount of $1500 pursuant to 11 U.S.C. § 523(a)(15).

The remaining debt, the Bank One Visa credit card account ($16,188.88), is

dischargeable pursuant to 11 U.S.C. § 523(a)(15).

An appropriate order will enter.

22 - U.S. Bankruptcy Court, M.D. Tenn.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

23 - U.S. Bankruptcy Court, M.D. Tenn.